UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-20208-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

BRIAN J. GLADWELL,

    Defendant.

_____/

**ORDER SETTING CIVIL NON-JURY TRIAL DATE AND PRETRIAL
SCHEDULE, REQUIRING MEDIATION AND REFERRING
CERTAIN MOTIONS TO MAGISTRATE JUDGE**

    Bench trial is scheduled to commence during the two-week period commencing **Monday, August 26, 2013,** before the Honorable Paul C. Huck, United States District Judge, 400 North Miami Avenue, 13th Floor, Courtroom 13-2, Miami, Florida. Calendar call shall be held on **Wednesday, August 21, 2013, at 8:30 a.m.** at the same location.

    IT IS ORDERED AND ADJUDGED as follows:

    1.    No Pretrial Conference shall be held in this action, unless the parties so request or the Court determines, sua sponte that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

    2.    Counsel must meet at least FIFTEEN (15) DAYS prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

    3.    The original and one (1) copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e). The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4.	Each party shall file Proposed Findings of Fact and Conclusions of Law at least seven days prior to the trial date.  Proposed Conclusions of Law shall be supported by citations of authority.  Copies shall be delivered to chambers at the time of filing, either by hard copy or by electronic mail (preferred). Electronic documents should be compatible with Corel WordPerfect.

5.	All exhibits must be pre-marked.  Plaintiff's exhibits shall be marked numerically.  Defendants' exhibits shall be marked alphabetically.  A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial.  The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

6.	A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence.  A continuance of the trial date will be granted only on a showing of compelling circumstances.

7.	Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses.  It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

8.	The following timetable shall govern the pretrial procedures in this case.  This schedule shall not be modified absent compelling circumstances.  **All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable.**

**Days prior to Trial Date**

| | |
|---|---|
| 85 days | Motions to join additional parties and amend pleadings must be filed. |
| 85 days | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial.  Only those expert witnesses identified by name shall be permitted to testify. |
| 60 days | Plaintiff shall furnish opposing counsel with a written report from each expert intended to be called at trial.  Within the fourteen (14) |

| | |
|---|---|
| | day period following service of each expert's written report, Plaintiff shall make his experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| 60 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial. Only those witnesses identified by specific name or title (not by category or by adoption by reference) shall be permitted to testify. |
| 60 days | Defendants shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. Only those <u>expert</u> witnesses identified by name shall be permitted to testify. |
| 50 days | Defendants shall furnish opposing counsel with a written report from each expert intended to be called at trial. Within the fourteen (14) day period following service of each expert's written report, Defendants shall make their experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| 45 days | If Plaintiff did not initially disclose experts but Defendants elect to utilize experts and disclose them, then Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of <u>any rebuttal expert</u> witnesses intended to be called at trial. Only those <u>rebuttal expert</u> witnesses identified by name shall be permitted to testify. |
| 40 days | Plaintiff shall furnish opposing counsel with a written report from each rebuttal expert intended to be called at trial. Within the fourteen (14) day period following service of each expert's report, Plaintiff shall make the expert available for deposition by Defendants. The experts' depositions may be conducted without further order from the Court. |
| <u>Note</u>: | These provisions pertaining to <u>expert</u> witnesses do not apply to treating physicians, psychologists or other health providers. |
| 40 days | All summary judgment and other dispositive motions must be filed. |
| 35 days | All discovery must be completed. |

| | |
|---|---|
| Note: | In the event that there are any unresolved discovery motions pending fifteen (15) days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 15 days | All motions in limine and other pretrial motions must be filed. |
| 7 days | Joint Pretrial Stipulation must be filed. |
| 7 days | Proposed Findings of Fact and Conclusions of Law must be filed. |

9.  If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5520 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed. R. Civ. P. 41 (a) (1). Such stipulation and order must be filed within fifteen (15) days of notification of settlement to the Court. To be excused from calendar call, the required stipulation and order must be filed at least forty-eight (48) hours before calendar call.

10. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. **This Order does not alter the parties' obligations to meet and make initial disclosures under Fed. R. Civ. P. 26. The parties need not, however, file any proposed scheduling orders under Fed. R. Civ. P. 16.**

11. At least ninety (90) days prior to the calendar call the parties shall select a mediator certified under Local Rule 16.2.B, shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation in the form specified by Local Rule 16.2.H. If the parties cannot agree on a mediator, they shall notify the clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation at least forty-five (45) days prior to the calendar call. The parties shall report to the Court the results of mediation within forty-eight (48) hours of completing mediation.

12. The parties shall each file a Certificate of Interested Persons and Corporate Disclosure

Statement, which shall contain a complete list of **any and all** persons, associated persons, firms, partnerships, and/or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party.  **Note: This includes any party who receives a fee for services rendered in relation to this litigation.**   The parties shall take notice that this disclosure obligation exceeds the scope of that required by Rule 7.1 of the Federal Rules of Civil Procedure.   However, if a party is a publicly-traded corporation, that party is directed to so state and need not provide more information than is required by Rule 7.1.

The parties shall have **fifteen (15) days from the date of this Order** to file the original Certificate.  Throughout the pendency of this action, the parties shall remain under a continuing duty to amend, correct, and update the Certificate.

13.   Pursuant to 28 U.S.C. § 636 and this District's Magistrate Rules, all discovery motions filed  in this case are referred to the Magistrate Judge. The parties shall follow the attached discovery procedures for Magistrate Judge John J. O'Sullivan.  **It is the responsibility of the parties in this case to indicate the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption (CASE NO.: 13-CV-20208-HUCK/O'SULLIVAN).**

DONE and ORDERED in Chambers, Miami, Florida, March 20, 2013.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Magistrate Judge John J. O'Sullivan
All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DISCOVERY PROCEDURE FOR
MAGISTRATE JUDGE JOHN J. O'SULLIVAN

The following discovery procedures apply to all civil cases assigned to United States District Judge Paul C. Huck.

If parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge John J. O'Sullivan will set the matter for a hearing. Discovery disputes are generally set for hearings on Tuesdays and Thursdays in the 5th Floor Courtroom, United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

If a discovery dispute arises, the moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief, by contacting Magistrate Judge O'Sullivan's Chambers and placing the matter on the next available discovery calendar. Magistrate Judge O'Sullivan's telephone number is (305) 523-5920.

After a matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3). Generally, no more than ten (10) minutes per side will be permitted.

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless the Court is unable to resolve the dispute at the motion calendar, or unless requested by Magistrate Judge O'Sullivan. It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to setting the hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.